USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/07/06

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
AGATHA BROWN,
                Plaintiff,

     -against-                              02 Civ. 4630 (DAB)
                                            ORDER
MICHEL QUINIOU, AGATHA DIFFUSION,
S.R.L., SIXTEEN, INC. and FROSS
ZELNICK LEHRMAN & ZISSU P.C.

                Defendants.
------------------------------------x
```

DEBORAH A. BATTS, United States District Judge.

On November 2, 2005, this Court denied Defendant Sixteen, Inc.'s ("Sixteen") Motion for Summary Judgment in which Sixteen argued that the doctrine of res judicata bars the present case. Sixteen now moves this Court under Local Rule 6.3 to reconsider its November 2, 2005 Order. For the reasons contained herein, Sixteen's Motion for Reconsideration is DENIED.

The Court presumes familiarity with its previous Opinion and therefore will not reiterate the factual background of the case.

"The standards governing a motion to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same." Word v. Croce, No. 00 Civ. 6496, 2001 WL 755394, at * 2 (S.D.N.Y. July 5, 2001). The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSC Transp., Inc., 70 F.3d 255, 257

1

(2d Cir. 1995); see also Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (holding that a motion for reconsideration "is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.").

Furthermore, a motion for reconsideration is not one in which a party may reargue "those issues already considered when a party does not like the way the original motion was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). Local Rule 6.3 should be "narrowly construed and strictly applied" to avoid repetitive arguments already submitted to the Court. National Congress for Puerto Rican Rights v. City of New York, 191 F.R.D. 52, 53 (S.D.N.Y. 1999) (citation omitted). The parties "may not address facts, issues or arguments not previously presented to the Court," U.S. Titan v. Guangzhou Zhen Hua Shipping Co., Ltd., 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (citations omitted), because a motion to reconsider should never act "as a substitute for appealing from a final judgment." Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 170 F.R.D. 111, 113 (S.D.N.Y. 1997) (citation omitted).

The Court, in considering the res judicata doctrine, ruled on November 2, 2005 that the facts in the previous case did not bar the present lawsuit. The Court concluded that the facts of the previous case differed from the present case because the latter does not

pertain to "AGATHA PARIS", or to "AGATHA" in the Gothic font. (Nov. 2, 2005 Order at 8.)

On its Motion for Reconsideration, Sixteen directs this Court's attention to an exhibit that had been submitted in a previous trademark infringement case between the same parties. (Sunshine Decl., Ex. 3.) The exhibit is a photograph of a picture frame which appeared in a large store window display. "AGATHA" in Gothic font is printed at the top of the picture frame, and "AGATHA" in an Avant Garde-like font is printed at the bottom. A necklace hanging around the picture frame covers the space under where "AGATHA" appears in the Avant Garde-like font. If a word such as "PARIS" were printed in that space, it would not be visible. According to the submissions before this Court, the other exhibits from the previous case were promotional materials where "AGATHA" appeared in Gothic font, or where "AGATHA PARIS" appeared in Avant Garde font. (See id.)

Because the necklace hanging in front of the picture frame might have concealed the word "PARIS" under "AGATHA", and because "PARIS" was printed under "AGATHA" wherever else on the record "AGATHA" appeared in the Avant Garde font, it would have been reasonable for Plaintiffs to have concluded that "PARIS" was printed under "AGATHA" in the picture frame. But even if the picture frame had not been partially obstructed by a necklace, and had revealed an image of "AGATHA" without the word "PARIS", the picture frame was a small part of a large window display and an even smaller part of a voluminous record. It still would have been reasonable for Plaintiff not to have known that Defendant used "AGATHA" by itself in the Avant Garde font.

Cf. L-Tech v. Cougar Electronic Organization, 198 F.3d 85 (2d Cir. 1999) (concluding that newly discovered evidence is not grounds for barring a case under the doctrine of res judicata if evidence could have been discovered using due diligence).

Accordingly, Sixteen's Motion for Reconsideration is hereby DENIED. The parties shall appear for a scheduling conference pursuant to Fed R. Civ. P. 16 on August 11, 2006 at 10:30am

SO ORDERED.

Dated:    New York, New York
          June 7, 2006

                                        Deborah A. Batts
                                        United States District Judge